UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:   Case No. 09-72690-wsd

   TAYLOR, JAMES D.   Chapter 13
   COLLINS-TAYLOR, PATRICIA K.,

                                                             Hon. Walter Shapero

      Debtors.

_____/

## OPINION REGARDING OBJECTION TO APPLICATION FOR COMPENSATION

This matter came before the Court upon Debtors' former Counsel's Application for Compensation. (Docket No. 25). Debtors, through new counsel, filed their Objection to the Application, arguing that a chapter 13 filing was not the appropriate course of action to pursue, and therefore compensation should be denied. (Docket No. 29). The Court held a hearing, following which it requested further information from former Counsel and such information was provided. (Docket Nos. 38 and 40).

The material facts of this matter are not in dispute. In late September 2009, Debtors received letter from the IRS which warned:

     CALL IMMIDIATELY TO PREVENT PROPERTY LOSS
FINAL NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING

The letter went on to provide a case reference number, contact information for the IRS, various information as to why the letter was sent and what the taxpayer should do, as well as setting forth the details of the debt owed. After receiving this letter, Debtors went to the offices of former Counsel, Charles Schneider, on September 28, 2009. At the time of their initial visit, Debtors were current on their home mortgage payments, vehicle lease, vehicle payment, and unsecured debt attributable to credit cards; however, they were delinquent on outstanding tax debts owed to the Internal Revenue Service and Michigan Department of Treasury in the approximate amounts of $16,000 and $2,500, respectively.

1

Schneider recommended the Debtors file a chapter 13 bankruptcy to address their financial problems and on October 23, 2009 a chapter 13 petition was filed.

Three days after filing Debtors' chapter 13 plan, Schneider moved to withdraw as counsel citing a breakdown in the attorney client relationship and being "presented with a conflict of approval of a fee application and the client's [sic] apparent demand for dismissal of his [sic] case." (Docket No. 20). Contemporaneous with the motion to withdraw, Schneider filed the instant Application for Compensation. (Docket No. 25). Debtors retained new counsel who moved to dismiss the chapter 13 case and objected to the Application for Compensation. (Docket No. 29).

The main thrust of the Objection is that a chapter 13 case was not appropriate given Debtors' circumstances and that Schneider should have contacted the IRS and attempted to work out repayment arrangements on the part of Debtors. Schneider responds that he was consulted in advance of an imminent levy upon Debtors' wages and property by the IRS and that he advised them of the benefits and consequences of chapter 13 bankruptcy as a solution to their problem. Schneider further responds that:

> The undersigned counsel has for 25 years never held himself out to be tax attorney or a general practitioner of law. The undersigned attorney widely advertises that he is a bankruptcy attorney. He has a reputation of being only a bankruptcy attorney. He offers bankruptcy solutions. It is assumed, therefore, that when clients come to the undersigned attorney they are looking for a bankruptcy solution.

(Docket No. 40, p. 1). Schneider later notes that:

> In the past, when clients have rarely stated a desire to merely negotiate with the taxing authorities (which in this case they did not) or it is apparent, to the undersigned counsel, that the client would be better served by negotiating with the taxing authorities or they were advised to do an offer and compromise, the client has been referred to an accountant.

(Docket No. 40, pp. 2-3). Schneider contends that while Debtors may have been current in their financial obligations other than the tax obligations, they were remaining current through incurring credit card debt and that, in light of all of the circumstances, chapter 13 was an appropriate tool to address the Debtors' situation.

Like an imminent foreclosure sale, the threat of an IRS levy has the potential, in and of itself, of dictating the need to file a bankruptcy case so as to obtain the automatic stay, or at least dictate the timing of its filing. Under the circumstances of this case, proper representation initially required answers to the following questions:

1. How real was the threat of an IRS levy occurring immediately after the expiration of the 30 days referred to in the Notice?

2. If the threat was real, was or could there be an opportunity to delay or preclude it by calling the IRS and discussing the possibility of entering into discussions for a payment plan?

3. If so, what were the abilities of either the Debtors themselves or their bankruptcy attorney to negotiate a satisfactory payment plan, or was there a need, justified by the amounts and the additional expense involved, to bring in additional expertise?

4. Are there reasons, other than the IRS levy threat, to file the bankruptcy case, before the answers to the foregoing questions can be ascertained or fully explored?

Schneider apparently did not ask the first three questions and has indicated that doing so essentially was either not his job or it was not within the parameters of his expertise. Apparently, he was also unable to draw upon his own prior experience to obtain the answers without talking to the IRS. In this Court's view, unless the answer to the fourth question was "yes" (and the circumstances of this case indicate the answer was "no"), if Mr. Schneider could not himself answer those questions before he filed the bankruptcy case, proper representation required him to obtain those answers himself from someone else, or, ask the debtor to have done so promptly - either of which were possible given the timing of the Debtors' initial consultation with Schneider. That failure adversely affects at least the amount of his compensation

It is unknown what alternatives to bankruptcy, if any, would have resulted had Schneider contacted the IRS. The Court does not believe that chapter 13 was inappropriate per se, but more appropriate approaches to the Debtors' difficulties may have existed. Nonetheless, Schneider did provide otherwise valuable services to the Debtors and the estate in the prosecution of the chapter 13 case. Accordingly, the Court

3
09-72690-wsd    Doc 47    Filed 03/16/10    Entered 03/16/10 11:59:04    Page 3 of 4

will award fees in the reduced amount of $900 plus actual costs.  Applicant shall submit an appropriate order.

.

**Signed on March 16, 2010**

                                                    **_____  ___/s/ Walter Shapero_      ___**
                                                    **Walter Shapero**
                                                    **United States Bankruptcy Judge**